**Mitchell TRYBULE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–278–CR.**

Court of Appeals of Texas, Austin.

Sept. 30, 1987.

618

Roy E. Greenwood, Austin, for appellant.

Ronald Earle, Dist. Atty., Brenda Kennedy, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

BRADY, Justice.

This is an appeal from conviction by a jury for attempted murder. The victim was doused with gasoline and torched with a cigarette lighter. Appellant and his co-defendant were sentenced to the maximum punishment of 20 years and assessed a $10,000.00 fine. Three points of error are argued by appellant: first, that he was denied the effective assistance of counsel; second, that the trial court failed to hold a hearing on the voluntariness of certain oral statements used for impeachment; and third, that charging the jury on parole law was fundamental error. We will affirm the judgment of conviction.

On March 17, 1985, appellant and his co-defendant drove from Houston to Austin to collect a debt owed by the victim, Michael Doyle, a student at Austin Community College. Doyle had allegedly damaged a vehicle belonging to a Houston limousine service. It seems that the victim had paid $2,000 on a $3,500 claim, but refused to pay $7,000 which had been demanded by the owner. The owner engaged appellant and his co-defendant to convince Doyle to resume payments.

After spending the previous night in Austin, appellant and his co-defendant then drove to the victim's apartment. An argument ensued at Doyle's front door over the debt and, according to the victim, appellant and his companion threw gasoline over him. The assailants then ignited him with a cigarette lighter and fled. Fast action on the part of the victim's girlfriend put out the flames, but not until Doyle had sustained second and third degree burns over fifty-seven percent of his body. Doyle was hospitalized and subsequently spent eighty days in intensive treatment in the Brooke Army Medical Hospital "burn center" in San Antonio.

At the trial, appellant was represented by retained counsel whom he alleges, provided such ineffective assistance that he was denied a fair trial. The record shows counsel failed to obtain a severance, conducted an inadequate voir dire, did not perform vigorous cross-examination of the state's witnesses, allowed his client to be impeached with his own prior inconsistent statements, failed to object to the state's closing arguments, and presented no character witnesses at the punishment phase. Other numerous errors and omissions are also alleged in this appeal. It would serve no useful purpose to expand on this. The terse statement made by the presiding trial judge at the conclusion of the case puts this point in proper perspective. Judge Perkins stated:

"I'll state for the record that the court saw Mr. Richards in court during all the time and during the pretrials, and I'll state that I have no question of the fact—and I'm making a finding of fact at this time that Mr. Richards did render ineffective assistance of counsel to the defendant, Mr. Trybule, in this case.... I don't have any question of the fact he was ineffective, and therefore, the only question I think is whether or not the defendant was denied a fair trial on that basis."

The trial court concluded that appellant had received a fair trial despite his attorney's shortcomings and overruled the motion for new trial.

■ The standard to be applied in reviewing the effectiveness of counsel is set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In its discussion, the Court noted that the "purpose of the Sixth Amendment guarantee of the right to counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id.* at 691–92, 104 S.Ct. at 2066–67. This inquiry has two components. First, the appellant "must show that counsel's performance was deficient" by demonstrating "counsel-made errors so serious that counsel was not functioning as the

'counsel' guaranteed ... by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Second, the appellant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Texas courts have also adopted this two-part analysis for determination of ineffective assistance claims under Art. I, § 10 of the Texas Constitution. *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Cr.App.1986, no pet.)

■ The principal determination for this court to make is whether the result of this trial was unreliable. As noted above, the trial judge made a specific finding of fact that trial counsel's assistance was ineffective. Even if we accept the trial court's finding, deficient trial performance alone is not sufficient to require reversal. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra* at 694, 104 S.Ct. at 2068. From a review of the record, we do not believe counsel's performance deprived appellant of a fair and reliable trial.

■ The harm alleged by appellant is that he received the maximum punishment authorized for the crime charged. Our view of the evidence is that, even with the best of representation, the jury would have probably assessed such punishment. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland, supra* at 696, 104 S.Ct. at 2069. Here, there was overwhelming evidence of guilt, and the nature of the crime clearly warranted the punishment imposed. Nevertheless, we will review individually each of the errors and omissions attributed to defense counsel.

■ Appellant asserts he was prejudiced by counsel's failure to move for a mandatory severance to obtain a separate trial. As a result, appellant was tried with a co-defendant who was a twice-convicted felon. The record reveals, however, that appellant himself waived his right to a severance

after being admonished by the trial court. Moreover, it has been held that the failure to obtain a severance does not constitute ineffective assistance. *McGuire v. State,* 707 S.W.2d 223, 230 (Tex.App.1986, pet. ref'd).

■ Counsel's failure to properly investigate and prepare for trial is also faulted by appellant. Specifically, he argues that trial counsel was unaware of his prior misdemeanor criminal record. As a result, trial counsel asserted to the jury during voir dire that his client "had no criminal record" prompting an objection by the State. This was followed up by the statement that appellant "was not totally clean." While this disclosure certainly did not help appellant, we do not believe it threatened the reliability of the proceeding's outcome. *See Sampson v. State,* 689 S.W.2d 498, 501 (Tex.App.1985, no pet.) (failure to investigate repeat offender status not sufficient for reversal).

■ Appellant further charges that counsel's brief voir dire and examination of the witnesses deprived him of a fair trial. In response, the State points out that appellant's counsel followed both the State and counsel for his co-defendant, thus the only necessary questions would be those covering areas not explored by other counsel. Moreover, without a showing of specific harm, the failure to examine witnesses and jurors extensively has not been held sufficient to warrant a new trial even in the absence of additional defense counsel. *See Anguiano v. State,* 706 S.W.2d 759, 761 (Tex.App.1986, no pet.); *Robinson v. State,* 665 S.W.2d 826, 831 (Tex.App.1984, pet. ref'd).

■ Appellant also complains that counsel should have prevented use of several prior inconsistent statements by raising an objection and requesting a hearing outside the presence of the jury. Appellant asserts that the statements were inadmissible because they were not recorded in accordance with Tex.Code Cr.P.Ann. art. 38.22 (1979) and because police interrogation did not cease after he had asserted his right to counsel. *See Miranda v. Arizona,* 384

U.S. 436, 473–74, 86 S.Ct. 1602, 1627–28, 16 L.Ed.2d 694 (1966); *McCambridge v. State*, 712 S.W.2d 499, 505 (Tex.Cr.App.1986, *aff'd*), 725 S.W.2d 418 (Tex.App.1987). In *Ingham v. State*, 679 S.W.2d 503, 508 (Tex. Cr.App.1984), it was held that the failure to object to impeachment with oral statements obtained during custodial interrogation was not ineffective assistance. While the *Ingham* holding rested partially on the fact that counsel did not have available a subsequently decided case making most of the unrecorded statements inadmissible for impeachment, *see Alfaro v. State*, 638 S.W.2d 891 (Tex.Cr.App.1982) (oral statements must comply with 38.22, § 3), the court also looked to the evidence of voluntariness and to other evidence of guilt. *Ingham* at 508. Here, because there was undisputed testimony that appellant's statements were voluntary and, as mentioned before, overwhelming evidence of guilt, we do not believe this omission by counsel was so egregious as to undermine confidence in the result of the trial.

■ Finally, appellant faults the failure of his trial counsel to call witnesses at the punishment phase of the trial. The decision not to call witnesses at this stage of the trial is a tactical matter and in many instances may be a wise procedural move. *Moore v. State*, 700 S.W.2d 193, 206 (Tex. Cr.App.1985). Absent a showing the defendant would have benefited from the testimony, the decision not to call witnesses at either the guilt-innocence or punishment phase of a trial is not ineffective assistance. *King v. State*, 649 S.W.2d 42, 44 (Tex.Cr.App.1983). Given the nature of this offense and its manner of commission, we cannot conclude that the jury's decision to impose the maximum sentence was rendered unreliable by the failure to present witnesses at the punishment stage of the trial.

Although each isolated error of counsel may not have amounted to ineffective assistance, the standard of review is the totality of the representation. *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex.Cr.App.1983). Any deficient representation must, however, be of a nature to undermine confidence in the result of the proceedings. *Strickland, supra,* 466 U.S. at 687, 104 S.Ct. at 2064. While the quality of assistance rendered appellant may have been ineffective overall, we do not believe appellant was denied a fair trial. As stated before, the evidence of appellant's guilt was overwhelming. The only harm alleged by appellant is the severity of the sentence imposed. Given the severity of the crime and its manner of commission, we are unable to say that more professional representation would have resulted in less punishment. Appellant's point of error is overruled.

Appellant misstates his second point of error. He contends the trial court erred in holding a hearing outside the jury's presence concerning the voluntariness of oral statements to police after his arrest. The point should have been that the trial court erred in "failing" to hold the hearing outside the jury's presence. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). We will base our decision on the corrected point.

■ Under Tex.Code Cr.P. art. 38.22 (1979), in all cases where a question is raised as to the voluntariness of an accused's statement, the court must make an independent finding, in the absence of the jury, when determining whether the statement was made under voluntary conditions. However, a separate hearing is not required unless the question of voluntariness is raised. *Pete v. State*, 471 S.W.2d 841, 843 (Tex.Cr.App.1971); *Creswell v. State*, 387 S.W.2d 887, 891 (Tex.Cr.App.1965).

■ There is no evidence in the record of either the trial or the motion for new trial hearing which would raise a fact issue as to the voluntariness of appellant's statement. Appellant stated he wanted to have the full story known and, after being given his *Miranda* warnings, talked to police officers for some three hours. The only statement appellant made in reference to counsel was that he would not sign a written statement without legal advice. Before any fact finding as to voluntariness of oral statements is required, there must be some evidence raised either by the state or the

defense to indicate that such statements were not voluntary. *Miller v. State*, 666 S.W.2d 269, 274 (Tex.App.1984, pet. ref'd). This point is without merit.

 Appellant also complains that it was reversible error to charge the jury as to parole law pursuant to Tex.Code Cr.P. Ann. art. 37.07 (Supp.1987) because the article is unconstitutional as a violation of the separation of powers doctrine contained in the Texas Constitution. This court has, however, held that art. 37.07 is not unconstitutional as a violation of the separation of powers doctrine. *Richardson v. State*, 733 S.W.2d 947 (Tex.App.1987). This point is overruled.

The judgment of the trial court is affirmed.