TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00572-CR






The State of Texas, Appellant



v.



Magdaleno Medina, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-01-0118-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



The State appeals from an order of the district court granting appellee Magdaleno
Medina's motion for new trial. We will affirm the order.

A jury found Medina guilty of possessing more than one gram of cocaine with intent
to deliver and assessed punishment, enhanced by a previous felony conviction, at imprisonment for
seventy-six years. See Tex. Health & Safety Code Ann. § 481.112(a), (c) (West Supp. 2003); Tex.
Pen. Code Ann. § 12.42(b) (West 2003). On appeal, Medina contended he received ineffective
assistance of counsel at trial. He had raised this issue in a timely motion for new trial, but the district
court mistakenly failed to conduct a hearing on the motion. This Court abated Medina's appeal and
remanded the cause for a hearing on the new trial motion. Medina v. State, No. 03-01-00533-CR
(Tex. App.--Austin May 9, 2002, no pet.). Following the hearing, the district court granted the
motion for new trial and Medina's appeal was accordingly dismissed by this Court. Id. (Tex.
App.--Austin Aug. 8, 2002, no pet.). Meanwhile, the State perfected its appeal from the district
court's order. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 2003).

In our May 9, 2002, opinion and order abating Medina's appeal, we instructed the
district court to determine whether Medina's motion for new trial was sufficient to raise the
ineffective assistance issue and, if so, to conduct a hearing to determine whether Medina received
effective assistance of counsel at trial. On May 28, 2002, following the abatement, Medina filed an
amended motion for new trial alleging jury misconduct in addition to the ineffectiveness of counsel
alleged in his original motion. At the hearing below, the State objected that the subject of jury
misconduct was outside the scope of the hearing ordered by this Court. The State further objected
that the amended motion for new trial had not been timely filed and therefore was not properly
before the court. The trial court deferred its ruling on the State's objections and heard testimony
relevant both to the effectiveness of counsel and jury misconduct. The court never ruled on the
State's objections and did not specify the ground on which it granted a new trial.

The State's brief raises this sole issue: "The trial court abused its discretion by
granting a new trial after conducting an evidentiary hearing which addressed issues other than
ineffective assistance of counsel." Medina urges that because the State's appeal does not address
the merits of the ineffective assistance claim, this Court must affirm the district court's order
irrespective of the propriety of its hearing evidence regarding jury misconduct. See State v. Gill, 967
S.W.2d 540, 541 (Tex. App.--Austin 1998, pet. ref'd) (order granting new trial will be upheld if
correct on any legal theory applicable to case). In its supplemental brief in reply, the State argues
that it adequately briefed the ineffective assistance of counsel issue in its brief filed in Medina's
original appeal, adding only that Medina failed to prove at the new trial hearing that the result of the
trial would have been different but for counsel's errors and therefore the district court abused its
discretion if it granted the new trial on the basis of ineffective assistance. (1)

The granting of a motion for new trial rests within the sound discretion of the trial
court. Id. The ruling is presumed to be correct and the burden rests upon the appellant, here the
State, to establish the contrary. Id. A trial court's ruling will be deemed an abuse of discretion only
if it is shown that the court acted without reference to any guiding rules and principles, or that its
decision was so clearly wrong as to lie outside the zone of reasonable disagreement. State v. Read,
965 S.W.2d 74, 77-78 (Tex. App.--Austin 1998, no pet.). Assuming without deciding that the State
has adequately raised the issue in this appeal, we conclude that the district court did not abuse its
discretion by granting the motion for new trial due to ineffectiveness of trial counsel.

In his motion for new trial, Medina alleged several errors by counsel, one of which
was that counsel mistakenly believed that he was entitled to only six peremptory challenges. See
Tex. Code Crim. Proc. Ann. art. 35.15(b) (West Supp. 2003) (defendant entitled to ten peremptory
challenges in noncapital felony case). At the hearing below, Medina's trial counsel acknowledged
this error and identified two trial jurors he would have struck; both had previously served on a
criminal jury and one "was concerned about someone delivering drugs to her daughter." There is
also evidence that a third juror indicated during voir dire that she had been the recent victim of a
burglary. Counsel was uncertain whether he would have used one of the four unused peremptory
strikes on this juror, since this was not a burglary case and he did not recall this juror as being
otherwise unfavorable from a defense standpoint.

It is, in some respects, impossible to know how the substitution of two or more jurors
would have affected the outcome of Medina's trial. The State points out that the trial record, which
was transferred to this appeal on the State's motion, shows that at the time of Medina's arrest on an
outstanding felony warrant, he was in possession of six plastic bags containing cocaine and fifty-five
empty bags. At the punishment stage, which Medina refused to attend, Medina was shown to have
a previous conviction for aggravated assault. The State urges that in light of the evidence, any
twelve jurors would have convicted Medina and imposed the same sentence. See Trybule v. State,
737 S.W.2d 617, 621 (Tex. App.--Austin 1987, pet. ref'd) (given severity of crime, court unable to
say that more professional representation would have resulted in lesser punishment). Trybule was
an appeal by the defendant. The State does not refer us to an opinion applying such reasoning to
reverse an order granting a motion for new trial.

Whether Medina's trial counsel was ineffective presents a close question. If we were
reviewing the record de novo, we might find that the Strickland test for ineffectiveness was not met. 
See Strickland v. Washington, 466 U.S. 668, 687 (1984). If the district court had overruled the
motion for new trial, we might find no abuse of discretion. But we do not review the record de novo
and the district court did grant the motion for new trial. Giving the district court the deference it is
due, we are not persuaded by the State that the court acted without reference to any guiding rules or
principles in granting Medina's motion for new trial. It was not outside the zone of reasonable
disagreement for the court to conclude that trial counsel's failure to know the number of peremptory
strikes to which he was entitled, and the resulting failure of counsel to strike jurors he otherwise
would have chosen not to have on the jury, fell below the standard of professional norms. See id. 
The court could reasonably conclude that but for this deficiency, there is a reasonable probability that
the outcome of the trial, at least as to punishment, would have been different. See id.

Because we conclude the district court was within the scope of its discretion to grant
the motion for new trial on the basis of ineffective assistance of counsel, we do not decide if the
court exceeded its discretion by permitting the introduction of evidence regarding the jury
misconduct issue raised for the first time in Medina's amended motion for new trial.

The order granting the motion for new trial is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: August 14, 2003

Do Not Publish
1. Both parties attached copies of their briefs from cause number 03-01-00533-CR as appendices
to their briefs in this cause.