TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-97-00186-CR







The State of Texas, Appellant



v.



Dean Robert Read, Jr., Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 43,663, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING








 A jury found appellee Dean Robert Read guilty of driving while intoxicated, second offense,
a class A misdemeanor. See Tex. Penal Code Ann. §§ 49.04(a), .09(a) (West Supp. 1998). The court
assessed punishment at confinement in the Hays County Jail for one year, probated for two years, and a
$750.00 fine. Read's motion for new trial was heard and granted. The State appeals the order granting
a new trial. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 1998). We will affirm the
order.


BACKGROUND

 After trial and sentencing, Read discovered that a juror had not disclosed information about
her criminal history even though the trial court asked for this information at voir dire and on the jury
questionnaire. At voir dire the trial court stated the qualifications for jurors, including the following:


[Y]ou must not have been convicted of theft or any felony and you must not be under
indictment or other legal accusations for theft or any felony. 


 If any person is disqualified for any of the reasons I just set out, please approach the
bench and I will decide whether or not that disqualification can be waived.



The juror made no response to the trial court's directive. On the jury card this question was asked: "Have
you ever been an accused, complainant or witness in a criminal case?" The juror checked the "No" box,
and signed the card. After trial and sentencing, but within the time permitted for a motion for new trial, Read
discovered that this juror had been convicted of misdemeanor theft in Travis County Court at Law Number
2 in 1974, and fined $50.00. A conviction of theft constitutes an absolute disqualification from jury service
and a person who has been so convicted may not be impaneled as a juror even though both parties may
consent to it. Tex. Code Crim. Proc. Ann. arts. 35.16(a), 35.19 (West 1989); see Frame v. State, 615
S.W.2d 766, 769 (Tex. Crim. App. 1981) (conviction for misdemeanor theft is sufficient to constitute
absolute disqualification).

 In addition to the misdemeanor-theft conviction, the juror also failed to disclose several
other instances when she had been an accused in a criminal case. She was found guilty of misdemeanor
theft on her plea of nolo contendere in a case in Travis County in 1980, and placed on probation. She
completed probation and the case was dismissed in 1981. She was indicted for the felony offense of
aggravated assault with a deadly weapon, alleged to have occurred in April 1987 in Hays County. This
aggravated assault case was dismissed in district court in February 1988. She was charged with the
misdemeanor of interference with the lawful duties of a public servant, alleged to have occurred in Hays
County in August 1990. This case was dismissed in the County Court at Law Number 2 of Hays County
in September 1991. The last accusation against this juror was an information alleging misdemeanor assault
with bodily injury in Hays County in August 1994. The assault charge was dismissed in February 1995,
in County Court at Law Number 2 of Hays County. The voir dire proceeding at which the juror failed to
disclose the information requested was on November 4, 1996, in the same court where the juror's last two
cases had been dismissed. 

 Appellee made his timely motion for new trial and the trial court held a hearing on that
motion. Evidence of the juror's criminal history set out above was introduced at the hearing, as was the
juror questionnaire. The trial court granted appellee's motion for new trial. No findings or reasons were
given for granting the motion. The Rules provide: "In ruling on a motion for new trial, the court must not
summarize, discuss, or comment on evidence." Tex. R. App. P. 21.8(b) (former Rule 30(e)(1), which then
applied, is substantively identical).


THE CONTROVERSY

 In its sole point of error, the State contends that the trial court erred in granting Read's
motion for new trial because there was no showing of significant harm resulting from the service of a
disqualified juror. The State relies on the statute which provides:


A conviction in a criminal case may be reversed on appeal on the ground that a juror in the
case was absolutely disqualified from service under Article 35.19 of the code only if:


 (1) the defendant raises the disqualification before the verdict is entered; or


 (2) the disqualification was not discovered or brought to the attention of the trial
court until after the verdict was entered and the defendant makes a
showing
of
significant harm
by the
service
of the
disqualified
juror.



Tex. Code Crim. Proc. Ann. art. 44.46 (West Supp. 1998). Read contends that he was harmed by the
fact that a disqualified juror served on his jury and participated in the decision to convict him. At the new-trial hearing, Read contended the statute is unconstitutional on several grounds, but does not bring those
arguments forward on appeal. We held the statutory requirement of a showing of harm, when a defendant
first raises disqualification of a juror after verdict, was not unconstitutional in Hernandez v. State, 952
S.W.2d 59 (Tex. App.--Austin 1997), vacated on other grounds, No. 1214-97 (Tex. Crim. App. Jan.
7, 1998). We also held in that case that a defendant's conviction and sentence alone does not constitute
"significant harm" within the meaning of article 44.46. Id. at 71. Thus, the mere fact of Read's conviction
in this case does not establish the sort of "significant harm" required by the statute upon which the State
relies.

 Read contends that the juror's disqualification was not the only ground for granting a new
trial in this case. He argues that the trial court could have granted the new trial on the basis of the juror's
misconduct by her intentional failure to disclose her extensive criminal history. He also contends that the
trial court could grant a new trial in the interest of justice. These alternate grounds are outside the scope
of article 44.46.

 It is the well established rule of appellate review that the ruling of a trial judge is presumed
to be correct and the burden rests upon the appellant to establish the contrary. Lee v. State, 322 S.W.2d
260, 262 (Tex. Crim. App. 1958); see Frame, 615 S.W.2d at 770 (when record is silent, a presumption
exists that procedural rules were followed). In reviewing a trial court's action on appeal, if the trial judge's
decision is correct on any theory of law applicable to the case, it will be sustained. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); State v. Williams, 814 S.W.2d 256, 260 (Tex. App.--Austin
1991), aff'd, 832 S.W.2d 52 (Tex. Crim. App. 1992). It must be presumed that the trial court either
determined that appellee suffered significant harm within the meaning of article 44.46, or that some other
reason for granting a new trial existed. 

 The rules of appellate procedure list specific grounds for which a new trial must be granted. 
These grounds include "when a juror has been bribed to convict or has been guilty of any other corrupt
conduct," and "when the jury has engaged in such misconduct that the defendant did not receive a fair and
impartial trial." Tex. R. App. P. 21.3(d), (g) (formerly Tex. R. App. P. 30(b)(4), (8)). A juror's intentional
misrepresentation of material information in the voir dire process has been held to be grounds for a new
trial. See Von January v. State, 576 S.W.2d 43, 45-46 (Tex. Crim. App. 1978); Salazar v. State, 562
S.W.2d 480, 482 (Tex. Crim. App. 1978); Norwood v. State, 58 S.W.2d 100, 101 (Tex. Crim. App.
1933); Bolt v. State, 16 S.W.2d 235 (Tex. Crim. App. 1929); Adams v. State, 243 S.W. 474, 475 (Tex.
Crim. App. 1921).

 Furthermore, the grounds for new trial contained in the appellate rules are not exhaustive;
while a trial court must grant a new trial if one of the enumerated grounds is proved, the court also has
discretion to grant a new trial for another reason. State v. Evans, 843 S.W.2d 576, 578-79 (Tex. Crim.
App. 1992); see Reyes v. State, 849 S.W.2d 812, 814-15 (Tex. Crim. App. 1993) (reaffirming Evans). 
In State v. Gonzales, 855 S.W.2d 692, 693-94 (Tex. Crim. App. 1993), the court held that a trial court
has the discretion to grant a new trial in the interest of justice. 

 It is well established that the grant or denial of a motion for new trial is within the discretion
of the trial court. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The standard of review when
a trial court grants a motion for new trial and the State appeals that decision is abuse of discretion. 
Gonzales, 855 S.W.2d at 696. Abuse of discretion occurs when the trial court's decision was arbitrary
or unreasonable. "[O]nly when the trial judge's decision was so clearly wrong as to lie outside that zone
within which reasonable persons might disagree" will the decision be reversed. Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993). The test has also been
stated as being "a question of whether the court acted without reference to any guiding rules and
principles." Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986)).

 The trial court could reasonably conclude that the juror's actions caused Read significant
harm within the meaning of article 44.46. The court could also conclude that the juror was guilty of
misconduct warranting a new trial both under rule 21.3(d) and (g) of the Rules of Appellate Procedure and
in the interest of justice. The grant of a new trial thus was not an abuse of discretion. The State's point of
error is overruled. 

 Finding no reversible error incident to the granting of the motion for new trial, we affirm the
order of the trial court.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 12, 1998

Publish





ry. Lee v. State, 322 S.W.2d
260, 262 (Tex. Crim. App. 1958); see Frame, 615 S.W.2d at 770 (when record is silent, a presumption
exists that procedural rules were followed). In reviewing a trial court's action on appeal, if the trial judge's
decision is correct on any theory of law applicable to the c