**John RISTOFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–96–00780–CR to 01–96–00782–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 14, 1999.

Peter Justin, Houston, for Appellants.

John B. Holmes, Roger Haseman, Houston, for Appellees.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

MARGARET GARNER MIRABAL, Justice.

A jury found appellant, John Ristoff, guilty of three misdemeanor offenses of outdoor burning under the Texas Clean Air Act and assessed punishment as follows: a $1,500 fine for a burning on February 10, 1996 (trial no. 9614048, appeal no. 01–96–00780); and 30 days confinement in Harris County Jail, probated for two years, plus a $3,000 fine for a burning on March 10, 1996 (trial no. 9614050, appeal no. 01–96–00782).[1] We affirm.

### Juror Disqualification

In point of error five, appellant asserts he is entitled to a new trial because one of the jurors was under felony indictment for welfare fraud at the time of trial. Statutory law provides that a person under indictment for any felony is disqualified from jury service. TEX. CODE CRIM. P. ANN. arts. 35.16(a)(3), 35.19 (Vernon 1989).

It is undisputed that the juror was unaware of her indictment when she sat on the jury. The jury was impaneled from June 11

---

1. The jury also acquitted appellant of a fourth offense of outdoor burning in cause 9614051.

to June 13, 1996. On June 6, 1996, a Harris County grand jury had indicted the juror, but she was unaware of the indictment until after appellant's trial ended, apparently due to both a change of address and administrative processing time.

The Code of Criminal Procedure provides: A conviction in a criminal case may be reversed on appeal on the ground that a juror in the case was absolutely disqualified from service under Article 35.19 of this code only if:

(1) the defendant raises the disqualification before the verdict is entered; or

(2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

Tex.Code Crim. P. Ann. art. 44.46 (Vernon Supp.1999). Therefore, because the disqualification was not discovered, and thus not brought to the attention of the trial court, until after the verdict was entered, appellant may be granted a new trial only if the juror's service caused "significant harm." Art. 44.46(2).

Appellant filed a motion for new trial in each case, asserting the juror was absolutely disqualified from jury service by virtue of her indictment. However, at the hearing on appellant's motions, appellant made no attempt to show significant harm, nor is any apparent. Appellant failed to meet his burden. *See State v. Read,* 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.); *Hernandez v. State,* 952 S.W.2d 59, 71 (Tex.App.—Austin 1997), *vacated on other grounds,* 957 S.W.2d 851 (Tex.Crim.App.1998).

We overrule point of error five.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47.4, and is thus ordered not published.

We affirm the judgments.