TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00669-CR






The State of Texas, Appellant



v.



Frederick Ladon Jackson, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,725, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







The State appeals an order granting appellee Frederick Ladon Jackson a new trial. 
See Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 1999). The district court ordered
the new trial on Jackson's motion following his conviction for possession of cocaine with intent
to deliver. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 1999). We will
affirm the order.

In his motion for new trial, Jackson complained that the State failed to comply with
the district court's pretrial discovery order in several respects. In its order granting the motion,
the court found:


[T]he State intentionally and deliberately violated paragraphs 3.f [ordering the State
to permit the inspection of all "tangible items of physical evidence collected by the
State or its agents"], 10.a [ordering the State to provide the defense "all
exculpatory evidence to the extent required" by due process], 10.e [ordering the
State to provide the defense "[a]ll fingerprints, palm prints, and footprints, and
reports of same"], and 12 [ordering the prosecutor "to question his/her witness
regarding their testimony and/or evidence in their possession and to timely inform
the Accused of any item of evidence that is discoverable"] of the Order of
Production/Discovery in the cause, and the Court further finds that the State
intentionally and deliberately failed to provide to the Defendant, prior to trial,
evidence which would have been exculpatory, and which the Defendant was
entitled to, and the Court further finds that such undisclosed evidence was material
to the defense of Defendant in the trial of this cause.



In a single point of error, the State urges that the evidence does not support these findings and that
the district court abused its discretion by ordering a new trial.

The rules of appellate procedure list specific grounds for which a new trial must
be granted, including "when evidence tending to establish the defendant's innocence has been
intentionally destroyed or withheld, thus preventing its production at trial." Tex. R. App. P.
21.3(e). A trial court also has the discretion to grant a new trial for a reason not specified in the
rules. State v. Evans, 843 S.W.2d 576, 578-79 (Tex. Crim. App. 1992). A court may grant a
new trial in the interest of justice. State v. Gonzalez, 855 S.W.2d 692, 693-94 (Tex. Crim. App.
1993).

The grant or denial of a motion for new trial is committed to the discretion of the
trial court. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). When the State appeals an
order granting a new trial, the standard of review is abuse of discretion. Gonzalez, 855 S.W.2d
at 696. Abuse of discretion occurs when the trial court's decision was arbitrary or unreasonable. 
State v. Read, 965 S.W.2d 74, 77 (Tex. App.--Austin 1998, no pet.). A trial court abuses its
discretion "only when the . . . decision was so clearly wrong as to lie outside that zone within
which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim.
App. 1992). The question is "whether the court acted without reference to any guiding rules and
principles." Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). The ruling of
the trial court is presumed to be correct and the burden rests on the appellant, the State in this
cause, to establish the contrary. State v. Gill, 967 S.W.2d 540, 541 (Tex. App.--Austin 1998,
pet. ref'd). The court's decision will be sustained if it is correct on any theory of law applicable
to the case. Read, 965 S.W.2d at 77. Thus, the State shoulders a heavy burden when seeking
reversal.

The testimony at the motion for new trial hearing dealt with three subjects. First,
partial palm prints were found on the plastic bag in which the cocaine was packaged when seized. 
Although palm prints were taken from Jackson, they were not compared with the latent prints on
the bag prior to trial. A police officer testified at a pretrial hearing that there were smudges and
smears on the plastic bag, but did not mention the partial palm prints. It appears that neither the
prosecutor nor the defense were aware of the partial prints until they were mentioned during police
testimony at trial. The bag was immediately turned over to the defense for examination by its own
fingerprint expert, but the matter was not pursued at trial. A police fingerprint examiner testified
that a posttrial comparison of the latent palm prints with Jackson's palm prints was inconclusive
due to a lack of sufficient points of comparison.

Second, a police officer wiped Jackson's hands following his arrest with a swab
designed for field-testing suspected cocaine. The test was negative and the swab was discarded. 
The officer made no note of this test in his report. The officer testified that the swab was not
intended for such use and that he doubted the validity of this test, but he conceded that if the test
had been positive for cocaine he would have noted that fact in his report. The prosecutor was
personally unaware of this test until after the motion for new trial was filed.

Third, the district attorney discussed the case with the investigating officers prior
to trial and asked them for all evidence in their possession. He did not specifically bring the
discovery order to the officers' attention and did not expressly ask if the officers had or knew of
any exculpatory evidence or fact.

The State argues that there is no evidence to support the finding that evidence was
deliberately withheld from the defense in violation of either the discovery order or due process. 
The State further argues that the evidence in question--the plastic bag with the partial palm prints
and the negative swab test on Jackson's hands--was not material. See Thomas v. State, 841
S.W.2d 399, 402-04 (Tex. Crim. App. 1992) (prosecutor has due process obligation to disclose
evidence favorable to accused that is material). Evidence is material if there is a reasonable
probability that the result of the trial would have been different if the evidence had been disclosed
to the defense. See id. 

We will assume without deciding that "evidence tending to establish the defendant's
innocence" within the meaning of appellate rule 21.3(e) means evidence that is material in the
constitutional sense. The trial court was in a much better position than this Court to determine the
materiality of the undisclosed evidence in this cause. On this record, we cannot say that the
district court's determination that favorable, material evidence was not disclosed to the defense
was so clearly wrong as to be arbitrary or unreasonable. While we find no evidence that the State
deliberately sought to hide evidence from the defense, the district court could reasonably conclude
that the facts shown warranted a new trial in the interest of justice whether or not the State's
conduct was deliberate. Because no abuse of discretion has been shown, the point of error is
overruled.

The order granting the motion for new trial is affirmed. 



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 4, 1999

Do Not Publish


Gonzalez
, 855 S.W.2d
at 696. Abuse of discretion occurs when the trial court's decision was arbitrary or unreasonable. 
State v. Read, 965 S.W.2d 74, 77 (Tex. App.--Austin 1998, no pet.). A trial court abuses its
discretion "only when the . . . decision was so clearly wrong as to lie outside that zone within
which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim.
App. 1992). The question is "whether the court acted without reference to any guiding rules and
principles." Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). The ruling of
the trial court is presumed to be correct and the burden rests on the appellant, the State in this
cause, to establish the contrary. State v. Gill, 967 S.W.2d 540, 54