# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00702-CR

**Andrew Giles, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
## NO. 3013312, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Andrew Giles was convicted of assault on a family member. *See* Tex. Pen. Code Ann. § 22.01 (West 2003). On appeal, he contends that the evidence is legally insufficient to support the jury's guilty verdict. He further contends that the trial court erred in refusing his request for a mistrial. We will affirm.

Appellant correctly recites the standard under which we evaluate the legal sufficiency of the evidence, stating that in such a review, we view the evidence in the light most favorable to the verdict and ask whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). He then goes on to recite that when the evidence is "[v]iewed in the light most favorable to the verdict," the complainant testified that appellant pushed

her, flipping her chair backwards and hitting her head and back on the floor, pulled a telephone from the wall when she tried to call 911, broke numerous items in the apartment they shared, and beat the complainant with a metal pipe before she was able to escape, drive to a gas station, and call the police. A police officer testified that her body and face were bruised and swollen. This evidence as recounted by appellant himself is legally sufficient to support the jury's verdict.

However, appellant then goes on to summarize his defense testimony, in which he essentially testified that the complainant grew angry when appellant tried to talk about how she had hurt his feelings, then dared him to hit her. He testified that he refused because he had a prior assault conviction, so she picked up a metal pipe and struck herself with it repeatedly. Appellant testified that when a light startled him while he was in his backyard, he "freaked out," jumped a fence, and ran away; he was caught by the police a short distance away. He points out that the police did not perform tests to determine whether his fingerprints were on the metal pipe found at the scene.

Even if we read appellant's brief liberally to encompass a factual sufficiency challenge, under which we view the evidence in a neutral light and determine whether the evidence of guilt is so weak as to undermine confidence in the jury's verdict or, if adequate when viewed alone, greatly outweighed by proof of innocence, the evidence is factually sufficient to support the verdict. *See Zuliani v. State*, 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003). It was for the jury to determine the weight and credibility to be given to the testimony and how evidentiary conflicts should be resolved. *See Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001); *Johnson*, 23 S.W.3d at 7. We will not second-guess those determinations. Under either standard, the evidence is sufficient to support the jury's verdict. We overrule appellant's first issue on appeal.

Appellant next contends that the trial court erred in refusing to grant his motion for mistrial. During the State's cross-examination of appellant, the subject of appellant's prior convictions arose. Appellant admitted to being arrested for possession of a controlled substance in 1998 and said he was placed on probation, which was revoked in 2000, when he was arrested for assault. He testified that he was sentenced to ten months in jail for the controlled-substance charge and a concurrent ten months in state jail for "attempted family violence." The following exchange then took place:

Q: And you said you were placed on probation but actually you were placed on what's called deferred adjudication [for the controlled-substance charge]; right?

A: Yes, ma'am.

Q: And deferred adjudication means that you're not actually found guilty and you are given a chance of rehabilitation; is that correct?

[Appellant's attorney]: Objection, Your Honor, she can ask him what he's been convicted of, he answered yes and that's the end of it.

[State]: He's leaving a false impression with the jury.

The Court: I'll sustain the objection, go ahead.

Q: You stated that you picked up another case and you were revoked; is that right?

A: I stated that I picked up another case.

[Appellant's attorney]: Objection.

Q: But that's not exactly right either is it?

[Appellant's attorney]: Your Honor. I thought you sustained my objection, Your Honor.

The Court: I did, on that. Go on to the next question.

3

Q: That's not exactly right is it Mr. Giles?

A: In what manner?

[Appellant's attorney]: Objection.

Q: In that you not only picked up another case, but you had other allegations as to why the State was seeking to adjudicate you?

[Appellant's attorney]: Objection, Your Honor, she can't go into specifics.

[At the bench]:

[State]: Well Judge, he is leaving a false impression to this jury in that he said that he was revoked because he picked up another case; however, there were multiple allegations for which he was revoked.

The Court: Okay, but he's admitted to it.

[Appellant's attorney]: He's admitted to the conviction.

[State]: But he's leaving a false impression as to why.

[Appellant's attorney]: Because of improper questioning.

The Court: Okay, I will sustain it, let's move on to something else okay.

Appellant then requested an instruction, and the trial court instructed the jury to disregard appellant's last answer. The next day, before the charge was read to the jury, appellant requested a mistrial based on the State's questioning.

A trial court's decision on a motion for mistrial is reviewed under an abuse of discretion standard. *Trevino v. State*, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). An abuse of discretion occurs only when the trial court's decision was arbitrary or unreasonable, and so clearly wrong as to lie outside the zone of reasonable disagreement. *State v. Read*, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.) (quoting *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)).

4

Appellant asserts that the State's questioning "led the jury to view the Appellant as a criminal generally." However, we do not believe that the exchange rose to such a level as to leave such an impression in the jury's minds after the trial court's instruction to disregard. Appellant admitted to "picking up a case for" possession of a controlled substance and for assault or attempted assault on a family member, explaining that his probation was revoked when the assault charge arose. The State asked several vague questions, only one of which made any reference to other allegations made in connection with that adjudication. We fail to see how the State's questions would have significantly affected the jury's view of appellant, given his admitted criminal history. Appellant has not shown that the trial court's ruling, essentially finding that an instruction to disregard the allegedly-improper questioning was sufficient to cure any misapprehensions held by the jury, was arbitrary or unreasonable. *See Read*, 965 S.W.2d at 77. We overrule appellant's second issue on appeal.

Having overruled appellant's issues on appeal, we affirm the judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 14, 2003

Do Not Publish