Opinion filed October 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00006-CR

                                                    __________

 

                           Brandon James Seifried, Appellant

 

                                                             V.

 

                                      State of Texas, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 17327B

 



 

M
E M O R A N D U M   O P I N I O N

            Brandon
James Seifried was convicted of engaging in organized criminal activity by
committing burglary of a habitation.  Appellant waived trial by jury and
entered an open plea of guilty.  At the sentencing hearing, the trial court
considered the presentence investigation (PSI) report and testimony.  At the
conclusion of the hearing, Appellant’s request for community supervision was
denied, and he was sentenced to fifteen years in the Texas Department of
Criminal Justice, Institutional Division.  Appellant filed a motion for new
trial.  After it heard the motion, the trial court denied it.  Appellant contends
that the trial court erred in imposing a grossly disproportionate sentence, in denying
his application for community supervision, and in denying his motion for new
trial.  We affirm.

            Appellant
claims that the trial court’s sentence was cruel and unusual because it was
grossly disproportionate to the offense committed.  Appellant did not object to
his sentence at the time of sentencing or in any posttrial motions. Therefore,
his first issue has not been preserved for review.  Wynn v. State, 219
S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Hergert v.
State, 197 S.W.3d 394, 399 (Tex. App.—Beaumont 2006, no pet.); Castaneda
v. State, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

            Even
if appellant had preserved his complaint, it is without merit. The Eighth
Amendment prohibits punishment that is “grossly disproportionate” to the
offense for which a defendant has been convicted.  See Harmelin v. Michigan,
501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); Solem v. Helm,
463 U.S. 277, 288–90 (1983); McGruder v. Puckett, 954 F.2d 313, 315–16
(5th Cir. 1992); Bradfield v. State, 42 S.W.3d 350, 353 (Tex. App.—Eastland
2001, pet. ref’d).  In determining whether a sentence is grossly
disproportionate to the offense committed, the reviewing court must first
compare the gravity of the offense with the severity of the sentence.  McGruder,
954 F.2d at 316; Bradfield, 42 S.W.3d at 353.

            The
record does not reflect that Appellant’s punishment was grossly
disproportionate to the offense. Appellant pleaded guilty to engaging in organized
criminal activity by committing burglary of a habitation, a first-degree felony.
 Tex. Penal Code Ann. §§ 30.02,
71.02 (West  2011).  Punishment can be disproportionate to a crime only when an
objective comparison of the gravity of the offense against its severity reveals
it to be extreme.  Harmelin, 501 U.S. at 1004–06.  If we were to
determine the sentence to be extreme, then we would compare the sentence with
sentences for similar crimes in the same jurisdiction and sentences for the
same crime in other jurisdictions.  Id.  The punishment assessed in this
case is not extreme; it is within, and at the lower end of, the punishment
range for a first-degree felony.  Tex. Penal
Code Ann. § 12.32(a) (West 2011).

Appellant takes issue with the fact that his sentence was harsher than
that of one of his codefendants.  The sentences received by Appellant’s
codefendants are not reflected in the record, but one is shown in a docket-type
sheet appended to Appellant’s brief.  The docket-type sheet was never entered
into evidence.  Items outside the record cannot be considered by this court.  See
Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981) (affidavit
attached to brief not part of record and not entitled to consideration by court
on appeal); Belton v. State, 900 S.W.2d 886, 893 (Tex. App.—El Paso
1995, pet. ref’d) (out-of-court affidavits attached to appellate brief cannot
be considered on appeal); 43A George E.
Dix & John M. Schmolesky, Texas Practice: Criminal Practice and Procedure
§ 46:123 (2011) (defense counsel should include PSI in record if material in
PSI is in dispute).  The sentences received by the codefendants are not
properly before us and cannot be considered in a proportionality analysis.  There
is no evidence in the record regarding sentences for similar crimes in this
jurisdiction or sentences for the same crime in other jurisdictions.  Appellant’s
first issue is overruled.

            In
his second issue, Appellant contends that the trial court abused its discretion
in failing to place him on community supervision. Appellant elected to have the
trial court assess punishment.  In such cases, the decision of whether to grant
community supervision to the accused rests entirely within the discretion of
the trial court and is not reviewable on appeal. Speth v. State, 6
S.W.3d 530, 533 (Tex. Crim. App. 1999); Flournoy v. State, 589 S.W.2d
705, 707 (Tex. Crim. App. 1979); Martin v. State, 452 S.W.2d 481, 483
(Tex. Crim. App. 1970). Appellant’s second issue is overruled.

            Appellant
argues that, because his witnesses were unavailable at the time of the
sentencing hearing, the trial court erred by denying his motion for new trial.  The
granting or denying of a motion for new trial rests within the sound discretion
of the trial court, and in the absence of an abuse of discretion, we would not
be justified in reversing the judgment.  State v. Gonzalez, 855 S.W.2d
692, 696 (Tex. Crim. App. 1993).  Accordingly, we will reverse the trial court’s
ruling only when its decision is so clearly wrong “as to lie outside that zone
within which reasonable persons might disagree.”  Gonzalez, 855 S.W.2d
at 695 n.4.  An abuse of discretion occurs when the trial court’s decision was
arbitrary or unreasonable.  See State v. Read, 965 S.W.2d 74, 77 (Tex.
App.—Austin 1998, no pet.).  Thus, a trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court’s ruling.  Webb v. State, 232 S.W.3d 109, 112
(Tex. Crim. App. 2007) (citing Charles v. State, 146 S.W.3d
204, 208 (Tex. Crim. App. 2004)).  The party that complains of abuse of
discretion has the burden to bring forth a record showing such abuse.  Gonzalez,
855 S.W.2d at 695–96 (citing Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987)).

            Appellant
has failed to meet this burden.  He does not argue that any of the
circumstances in which a defendant must be granted a new trial were
present here.  See Tex. R. App.
P. 21.3. The trial court’s decision was not arbitrary or unreasonable,
but grounded in the evidence elicited at the hearing on the motion for new
trial. The two witnesses who were absent from the sentencing hearing had
already contributed their statements to the PSI report.  The witnesses
indicated that they had additions or clarifications to add to the information
they had provided for the PSI report.  The witnesses did not give the substance
of their additions or clarifications, and no reason was given why that
information had not been provided in the preparation of the PSI report.  As
noted, the PSI report is not part of the record.  Further, Appellant did not
subpoena these witnesses to guarantee their presence at the sentencing hearing
via compulsory process.  On the day of sentencing, the defense announced ready
instead of seeking a continuance to allow for the presence of its witnesses.  At
the hearing on the motion for new trial, the trial court weighed the evidence
presented and found that there was not sufficient evidence to grant a new
trial.  There is nothing in the record, and nothing presented in this appeal,
to suggest an abuse of discretion.  Appellant’s third issue is overruled.

We affirm the trial court’s judgment.

 

 

ERIC KALENAK

JUSTICE

 

October 27, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.