1107-15   1108-15

NO. _____
PD – 1107 – 15
PD – 1108 – 15

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 25 2015

Abel Acosta. Clerk

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

JAMES KENNETH KEELS, JR.
Petitioner,

versus

THE STATE OF TEXAS
Respondent.

FILED IN
COURT OF CRIMINAL APPEALS

SEP 25 2015

Abel Acosta, Clerk

--------------------------------

Petition is on Appeal from Cause Nos. C–34828–CR & C–34855–CR in the

County Court of Law of Navarro County, Texas,

Honorable Amanda Putman, Judge Presiding,

and Nos. 10-14-140-CR & 10-14-141-CR in the Court of Appeals for

The Tenth Court of Texas

--------------------------------

## PETITION FOR DISCRETIONARY REVIEW

James Kenneth Keels, Jr.
Petitioner Pro se
Huntsville Unit TDC#1920712
815 12th Street
Huntsville, TX 77348

Oral Argument Not Requested

# TABLE OF CONTENTS

TABLE OF CONTENTS ········································································· i

NAMES OF ALL PARTIES ······················································ ii

TABLE OF AUTHORITIES ····················································· iii

STATEMENT REGARDING ORAL ARGUMENT ································· 1

STATEMENT OF THE CASE ······················································ 1

STATEMENT OF PROCEDURAL HISTORY ································· 1

GROUNDS FOR REVIEW ························································· 1

    1. The Tenth Court of Appeals erred when it found the
    trial court did not abuse it's discretion in disallowing
    evidence of juror misconduct. ····················· 1

REASONS FOR REVIEW ························································· 1

    1. The Tenth Court of Appeals has decided an important
    question of State and Federal law that has not been,
    but should be, settled by the Court of Criminal Appeals

    2. The Tenth Court of Appeals appears to have misconstrued
    the rules of evidence and the code of criminal procedure.

    3. The decision of the Tenth Court of Appeals so far deviates
    from the fair administration of justice that the Court
    of Criminal Appeals correction is required.

    Texas Rules of Appellate Procedure 66.3


STATEMENT OF FACTS ·························································· 2

INTRODUCTION ································································· 3

ARGUMENTS AND AUTHORITIES ············································· 4

THE TRIAL COURTS ABUSE OF DISCRETION
    AND THE TENTH COURT OF APPEALS MISUNDERSTANDING ········· 5

JURORS INCAPABLE OR UNFIT TO SERVE ································· 7

CONCLUSION ··································································· 8

PRAYER FOR RELIEF ·························································· 9

CERTIFICATE OF SERVICE ··················································· 9

APPENDIX
    OPINION OF THE TENTH COURT OF APPEALS ···················· END

## NAMES OF ALL PARTIES

Petitioner:

James Kenneth Keels Jr.
TDCJ# 1920712
Huntsville Unit
815 12th Street
Huntsville, TX 77348

Petitioner's Trial Attorney:

Michael J. Crawford
416 North 14th Street
Corsicana, TX 77110

Petitioner's Attorney on Appeal:

Ricky D. Jones
P.O. Box 142416
Austin, TX 78714

Presiding Trial Judge:

Honorable Amanda Putman
County Court of Law
Navarro County, Texas

State's Attorney:

Mr. Lowell Thompson
Criminal District Attorney
300 West 3rd Ave. Ste. 203
Corsicana, TX 75110

State's Trial/Appeal Attorneys:

Mr. William Thompson, ADA
Mr. Jason Horn, ADA
Mr. Cody Beauchamp, ADA
300 West 3rd Ave. Ste. 203
Corsicana, TX 75110

ii

# TABLE OF AUTHORITIES

CASES                                                                    PAGES

Granados v State, 85 S.W.3d 217(Tex.Crim.App.2002)············· 7

Hicks v Oklahoma, 100 S.Ct. 2227 (1980)························ 4

Luquis v State, 72 S.W.3d 355(Tex.Crim.App.2002)··············· 4

Matamoros v State, 901 S.W.2d 470(Tex.Crim.App.1995)·········· 8

McQuarrie v State, 380 S.W.3d 145(Tex.Crim.App.2012)······4,5,6,8

Sells v State, 121 S.W.3d 748(Tex.Crim.app.2003)··············· 7

State v Read, 965 S.W.2d 74(Tex.App.-Austin 1998)············· 8

UNITED STATES CONSTITUTIONS:

U.S.CONST. FOURTEENTH AMENDMENT·························· 5


STATUTES, CODES, RULES:

Tex.Code.Crim.Proc. Art.35.16························· 7

Tex.Code.Crim.Proc. Art.36.14························· 4

Tex.Code.Crim.Proc. Art.37.97 §4··················3,4,5,7

Tex.Govt.Code.§508.144····························· 6

Tex.R.Evid. Rule 606(b)·····················2,4,5,6,7,8

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument.

## STATEMENT OF THE CASE

Petitioner was indicted in Cause Nos. C 34,855 & C 34,828-CR in the County Court of Law, Navarro County, Texas, charging him with the felony offenses of: 1) Possession of a controlled substance in the amount of 4 grams or more but less than 200 grams, and 2) tampering with physical evidence. The jury found Petitioner guilty of the offenses and sentenced him to two 99 year sentences enhanced as a habitual offender.

## STATEMENT OF PROCEDURAL HISTORY

A motion for New Trial was timely filed and was denied.

Petitioner appealed to The Tenth Court of Appeals of Texas and the case was Affirmed on July 30, 2015, not designated to publish.

## GROUNDS FOR REVIEW

1. The Tenth Court of Appeals erred when it found the trial court did not abuse it's discretion in disallowing evidence of juror misconduct.

## REASONS FOR REVIEW

1. The Tenth Court of appeals has decided an important question of State and Federal law that has not been, but should be, settled by the Court of Criminal Appeals.

2. The Tenth Court of Appeals appears to have misconstrued the rules of evidence and the code of criminal procedure of Texas.

3. The decision of the Tenth Court of Appeals so far deviates from the fair administration of justice that the Court of Criminal Appeals correction is required.Tex.R.App.Proc. 66.3.

1

## STATEMENT OF THE FACTS

Trial counsel, during the Motion for New Trial, attempted to bring three jurors to the stand to question the jurors regarding whether or not they followed the mandate in the jury charge not to consider how the parole law might be applied to Defendant. However, the Court disallowed any questioning of the three jurors who were subpoenaed and present in Court regarding whether they had violated their oath and the jury charge.

> **THE COURT:** "The Court's ruling is that based on the Texas Rules of Evidence 606(b) and the cases that were presented, I do not find that this is outside influence. And, therefore, I am not going to allow the jurors to testify about that matter."
>
> **[Vol. 13:45:15-19]**

Further, trial counsel offered prima facie evidence that the jury had engaged in the alleged misconduct stated above, through his Bill of Exceptions, i.e., trial counsel played a recording, Defense Exhibit 3, which is a conversation between R.D.Lewis, Trial Counsel's private investigator, and Aaron Phillip Mershawn, who was a juror at the trial.**[Vol. 12:83:3-5]**. In pertinent part:

> **Mr. Lewis:** Do you have a, I mean, was there a particular thing that swayed y'all towards the 99?
>
> **Mershawn:** Yeah. [deleted] The whole deal was, is we went back and did the math. He had two other priors. He did a quarter of the sentence. So basically he did like one year the first time on the seven 10 year, or something like that.
>
> **Mr. Lewis:** Oh.
>
> **Mershawn:** I don't remember the exact number. And he did, supposed to do like and he did like three or four of that one. We figured if we gave him 99 and he gets out again he would be too old to sell the drugs. We did a quarter.
>
> **Mr. Lewis:** Did that --
>
> **Mershawn:** We gave him a quarter. **[Vol. 12:92:3-21]**

2

The Court had properly instructed the jury during the punishment phase of the trial on TEX.CODE.CRIM.PROC.art.37.07,§4:

### PAROLE AND GOOD CONDUCT TIME IN PERTINENT PART

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned **equals one-fourth of the sentence imposed.**Eligibliity for parole does not guarantee that parole will be granted. It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities. You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. **You are not to consider the manner in which the parole law may be applied to this particular defendant.**"Emphasis added. [Vol. 12:117:9-118:13] See also the Jury Charge in Clerk's Record at page 142 of pd.

### INTRODUCTION

Prior arguments and conclusions throughout the course of these proceedings have muddied the water confounding the true nature of this error. Keels will show the Court this affected the very base of his punishment and deprived him of a valuable right resulting in a total deprivation of due process during the punishment phase of trial.

This issue presents a perplexing accumulation of statutes, rules, and Court precedents creating a paradox pitfall that

deprives the Petitioner of an avenue in which to preserve, or prove, the juror misconduct herein.

Clearly, the trial court and the Tenth Court of Appeals has misconstrued TEX.RULES.EVID. rule 606(b), and the holdings of this Court in McQuarrie v State, 380 S.W. 3d 145 (TexCrimApp2012).

The Tenth Court of Appeals opinion handed down here is a contradiction in and of itself, which is an oxymoronic argument against enforcing the jury's statutory requirements of not considering the application of parole laws, where Justice Davis iterates the strategem as "assuming without deciding that the evidence in the bill of exceptions was otherwise admissible." and Chief Justice Gray's concurring note states the obvious opposite "Keels failed to introduce any admissible evidence before the trial court that any juror violated their oath."

Thus, it is incumbent upon the Court of Criminal Appeals to clean the slate and address the due process implications as in the facts as stated here, in accordance with the dictates of McQuarrie.

## ARGUMENTS AND AUTHORITIES

Trial judges are required to deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX.CODE.CRIM.PROC.art.36.14. Article 37.07, §4(a) is a legislatively-mandated statement of law applicable to the punishment phase of the trial. Luquis v State, 72 S.W. 3d 355 n.18 (TexCrim-App 2002).

In Hicks v Oklahoma, 100 S.Ct. 2227, 2229 (1980) SCOTUS held:

"Where a state has provided for the imposition of criminal punishment in the discretion of the jury, defendant's interest in the exercise of that discretion is not merely a matter of state procedural law; defendant in such case has a substantial and legitimate expectation that he will be deprived of his

4

liberty only to the extent determined by the jury in the exercise of its statutory discretion and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." (internal citations omitted)

Here, Keels was sentenced to two - 99 year prison terms, twice doling the maximum numerical sentence allowed by law, for what amounts to the simple act of dispossessing himself of a relatively small amount of methamphetamine. Quite understandably, counsel hired a private investigator to investigate the possibility of juror misconduct during punishment phase of trial.

Clearly, the investigation revealed that the jury engaged in misconduct thereby violating its oath, the jury charge and the Petitioner's statutory created due process right not to consider the manner in which parole law is to be applied during sentencing. The statements made by the juror Mershawn to private investigator Lewis bore a substantial indicia of reliability to meet a threshold requirement for further development of the facts by the trial court.

## THE TRIAL COURT'S ABUSE OF DISCRETION
## AND THE TENTH COURT OF APPEALS MISUNDERSTANDING OF MCQUARRIE[1]

The facts of this case fall squarely within the Court of Criminal Appeal's interpretation of Tex.R.Evid.606(b) in McQuarrie.Id

Under 606 (b) (1), the juror may testify whether any outside influence was improperly brought to bear upon any juror. In the McQuarrie case the outside influence was internet research that this Court held was in violation of the mandates of the jury charge and in violation of their "oath" see Id at 154.

Here the outside influence also involved the jury's violation of the jury charge and their oath concerning C.C.P. art.37.07§4.

---

1. McQuarrie v. State, 380 S.W. 3d 145 (Tex.Crim.App.2012).

5

Parole eligibility and release to parole are issues solely within the discretion of the Parole Board, governed by State law, subject to change without notice, reason, or standing to challenge. see Tex.Govt.Code. §508.144.

The Board utilizes a comprehensive list of dynamic factors and various elements significantly unrelated to the prisoner's crime or the facts prior to his incarceration as part of a complex equation to determine an appropriate length of actual flat time an individual must serve on his punishment assessed. Any attempt by the jury to engage in such calculations at arriving at an appropriate punishment is forbidden and simply not possible. Thus, the actions alleged by Keels and as presented in prima facie evidence to the trial court in the motion for new trial fall squarely within the **McQuarrie** plain - meaning interpretation of "outside influence" under Tex.R.Evid.606(b)(1). **McQuarrie,**supra at 154.

The **McQuarrie** Court addressed the issue of a juror's private overnight internet investigation of facts which was in violation of their oath and jury charge. The Court's reasoning and analysis applies fairly to the facts here. A fair application of **McQuarrie** shows an inquiry into the effects of the juror's considering the parole laws to arrive at a punishment do not require the court to delve into deliberations. see **McQuarrie,** supra at 154:

> "An inquiry into the jury's private internet investigation does not require us to "delve into deliberations." Trial courts often instruct jurors that they are to consider only the testimony heard in court and the physical exhibits admitted into evidence, that they are not to speak with anyone about the case, and that they are not to visit the scene of the crime. Consistent with these instructions, a trial court should be able to inquire as to whether jurors received such outside information and the impact it had on their verdict without delving into their actual deliberations. This can be done by making an objective determination

6

as to whether the outside influence likely resulted in injury to the complaining party-that is, by limiting the questions asked of the jurors to the nature of the unauthorized information or communication and then conducting an objective analysis to determine whether there is a reasonable possibility that it had a prejudicial effect on the "hypothetical average juror."(internal citations omitted).

Keels presented an indicia of reliable evidence indicating the jury had engaged in misconduct, violating their oath, and the jury charge. A juror must... use the law, the evidence, and the trial court's mandates as his ultimate guides in arriving at decisions as to guilt or innocence and as to punishment." <u>Granados v State</u>, 85 S.W.3d 217, 235 (Tex.Crim.app. 2002). As a result of the jurors violation of the written charge distinctly setting forth the law applicable to the case in C.C.P. 37.07,§4(a), the hearing on the motion for new trial, Rule 606(b) would permit the court to question the jury, without delving into deliberations, and to determine whether an improper influence was brought to bear that impacted the outcome of Keels punishment.

## RULE 606 (b) (2)'S APPLICABILITY

Under Tex.R.Evid.606(b)(2), a juror may testify to rebut a claim that the juror was not qualified to serve.

## JURORS INCAPABLE OR UNFIT TO SERVE

Tex.Code.Crim.Proc.art. 35.16 (c)(2) in pertinent part:

"A challenge for cause... alleging some fact which renders the juror incapable or unfit to serve on the jury... may be made by the defense for... bias or prejudice against any of the law applicable to... the punishment therefore."

The Court of Criminal Appeals held in <u>Sells v State</u>, 121 S.W. 3d 748, 759 (Tex.Crim.App. 2003):

7

"The test [for dismissing a juror for cause because of bias or prejudice] is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law."

Here, the jury violated the law as mandated in the jury charge. Sister Appellate court's have addressed similar issues where jurors have withheld information and prejudice under Art. 35.16, i.e.:

State v Read, 965 S.W.2d 74, 76(Tex.App.-Austin 1998,no pet.)

"After trial and sentencing, but within the time permitted for a motion for new trial, Read discovered that this juror had been convicted of misdemeanor theft..." Held: Trial court did not err in granting a new trial.

Matamoros v State, 901 S.W.2d 470, 476-77(Tex.Crim.App.1995)
"One sign of this condition may be the court's inability to determine the venireman's views for the purpose of deciding other possible grounds of disqualification."

Therefore, under 606(b)(2), the trial court was permitted to question the jurors in order to determine if they had, in fact, withheld information concerning an inability to follow the law as required by the jury charge that would have rendered him unfit to serve on the jury.

## CONCLUSION

The jurors violated their oath to follow the law not to consider parole in the determination of the sentence imposed. On the hearing of the motion for new trial the trial court abused it's discretion in disallowing a simple inquiry into this matter, The Tenth Court of Appeals Misconstrued the Court of Criminal App. holdings in McQuarrie, supra, Thus, it is necessary to remand this case for an inquiry into this jury issue, as it does not violate any rule or Rule 606 (b) of the Tex.R.Evid.

8

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals and that upon reviewing the judgment entered below, that this Court reverse this cause and remand it for a new hearing on the Petitioner's original Motion for New Trial.

Respectfully submitted,

_James Kenneth Keels Jr._
James Kenneth Keels, Jr.
Petitioner Pro se
Huntsville Unit TDCJ#1920712
815 12TH Street
Huntsville, TX 77348

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State and to the State Prosecuting Attorney via First Class Mail, postage prepaid on the date indicated below.

Executed on this the ___ day of ___Sept___, 2015.

_James Kenneth Keels Jr._
James Kenneth Keels, Jr.

9

## APPENDIX

1. Opinion of the Tenth Court of Appeals.



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00140-CR
### No. 10-14-00141-CR

**JAMES KENNETH KEELS, JR.,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

### From the County Court at Law
### Navarro County, Texas
### Trial Court Nos. C-34828-CR and C-34855-CR

## MEMORANDUM OPINION

A jury found Appellant James Kenneth Keels, Jr. guilty of the offenses of possession of a penalty-group 1 controlled substance in an amount of over four grams but under 200 grams and tampering with physical evidence and assessed his punishment, enhanced by prior felony convictions, at ninety-nine years' imprisonment for each offense, to be served concurrently. These appeals ensued. Keels has filed a joint brief for both appeals. In his sole issue, Keels sets forth the following question:

Is it permissible for a trial attorney to question any juror post-trial in order

to determine whether the jury violated the jury charge and thereby usurped the Parole Board powers delegated to the Executive Department of our government under the Texas State Constitution, Article 4 Section 11?

The relevant background is as follows. After he was sentenced, Keels filed a motion for new trial alleging in part that jury misconduct had occurred. Keels stated in the motion that his counsel had received information from a juror, Aaron Phillip Mershawn, that the jury had considered the possibility of when Keels would be released from prison, in violation of the parole and good-conduct-time instruction given in the punishment charge in each case. The motion stated that Mershawn said that the jury looked at how much time Keels had served for his two prior convictions and "did the math." The motion stated that Mershawn further said that "[t]he jury figured that if he only served a quarter of the sentence and they gave him 99 years that when he was released he would be too old to sell drugs."

A hearing was held on the motion for new trial. Mershawn did not testify. Keels attempted to offer into evidence a recording of a telephone call between Mershawn and R.D. Lewis, a private investigator, through Lewis. The State objected that "it's hearsay and depending on the content that it violates Rule 606([b]) and goes into juror testimony. And if it doesn't go into the juror's testimony then it's irrelevant." The trial court ruled: "I don't think that we've reached the issue of 606(b) with this witness.... I don't have a ruling in regards to 606(b) with this witness, because he was not a juror. In regards to the phone call, your objection for hearsay is sustained."

Keels then called Kay Berry, another juror, to testify at the hearing, but the State

objected that her testimony would be in violation of Rule 606(b). The trial court ruled: "The Court's ruling is that based on the Texas Rules of Evidence 606(b) and the cases that were presented, I do not find that this is outside influence. And, therefore, I am not going to allow the jurors to testify about that matter." Keels then started to make a bill of exception. The following exchange took place:

> Q.    (By [Defense Counsel]) Ms. Berry, I take you back to the day that the jury met for punishment of my client, Mr. Keels. At any time was there a discussion of the parole law and how it may effect his punishment sentence?

> [Prosecutor]: Objection, Your Honor, compound question.

> THE COURT: Would you please - -

> [Defense Counsel]: Your Honor, this is my bill.

> THE COURT: - - rephrase.

> Q.    (By [Defense Counsel])    At any time during the deliberations, did you discuss the parole law?

> A.    No.

> Q.    Do you remember ever talking about what the State had argued that Mr. Keels had been convicted twice and served only so much time on each case?

> [Prosecutor]: Objection. Compound question.

> THE COURT: Can you please rephrase, just break it up, [Defense Counsel].

> [Defense Counsel]: Your Honor, this is my bill.

> THE COURT: I understand.

> [Defense Counsel]: He doesn't have a right to - -

THE COURT: Would you - -

[Defense Counsel]: - - he doesn't have a right to object to my bill. This is my bill.

THE COURT: - - would you break your question down for the record.

[Defense Counsel]: At this time, Your Honor, I'm going to stop my bill. I have 90 days to prepare my bill, and I'll get it to the Court.

THE COURT: Okay.

The recording of the telephone call between Mershawn and Lewis was also later included in the record in a bill of exception. The conversation during the call was in relevant part as follows:

MR. LEWIS: Okay. All right. I guess the other question is the regular range on this was 2 to 20 without any priors.

MR. MERSHAWN: Uh-huh.

MR. LEWIS: And there was no deaths, no injuries, and they, the jury came up with 99 years.

MR. MERSHAWN: Uh-huh.

MR. LEWIS: Do you have a, I mean, was there a particular thing that swayed y'all towards the 99?

MR. MERSHAWN: Yeah. That was, maybe he doesn't remember, I think he felt really bad about losing. The whole deal was, is we went back and did the math. He had two other priors. He did a quarter of the sentence. So basically he did like one year the first time on the seven year, or something like that.

MR. LEWIS: Oh.

MR. MERSHAWN: I don't remember the exact number. And he did, supposed to do like 14 and he did like three or four of that one. We figured if we give him 99 and he gets out again he would be too

old to sell the drugs. We did a quarter.

MR. LEWIS: Did that - -

MR. MERSHAWN: We gave him a quarter.

MR. LEWIS: So they had already presented the priors to y'all of what he served and what he got?

MR. MERSHAWN: Right.

At the conclusion of the hearing, the trial court denied Keels's motion for new trial. We review a trial judge's denial of a motion for new trial under an abuse of discretion standard. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014).

Texas Rule of Evidence 606(b) states:

**(1) *Prohibited Testimony or Other Evidence.*** During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

**(2) *Exceptions.*** A juror may testify:

**(A)** about whether an outside influence was improperly brought to bear on any juror; or

**(B)** to rebut a claim that the juror was not qualified to serve.

Keels argues that the exception found in Rule 606(b)(2)(A) applies in these cases and that it should be broadly interpreted because "important countervailing considerations" are involved. Keels claims that the exception applies in these cases because the parole board itself and its operations are outside the jury room and because the potential exercise by the parole board of its powers constitutes an influence that was "improperly

brought to bear" upon the jury. We disagree.

In *McQuarrie v. State*, 380 S.W.3d 145 (Tex. Crim. App. 2012), the Court of Criminal Appeals defined "outside influence" as "something originating from a source outside of the jury room and other than from the jurors themselves." *Id.* at 154; *see Colyer*, 428 S.W.3d at 125. Here, assuming without deciding that the evidence in the bills of exception was otherwise admissible, it had nothing to do with something that originated from a source outside of the jury room and other than from the jurors themselves. Therefore, the evidence had nothing to do with an improper "outside influence."

The trial court did not abuse its discretion in refusing to consider the evidence in the bills of exception and in denying Keels's motion for new trial. We overrule Keels's sole issue and affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
 (Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed July 30, 2015
Do not publish
[CRPM]

* (Chief Justice Gray concurs in the judgment to the extent that it affirms the trial court's judgment with the following comments, a separate opinion will not follow: Keels failed to properly introduce any admissible evidence before the trial court that any juror violated their oath. After the trial court properly excluded the statements of the juror when the private investigator attempted to testify about what the juror said

during a telephone interview, the subsequent filing of the audio tape of that interview did nothing to present the testimony to the trial court judge as a basis to grant a new trial based on jury misconduct. And neither the trial court nor this Court knows what the other juror was going to testify to because a bill of exceptions (or an offer of proof) was never made. Having no evidence properly before the trial court upon which to grant a motion for new trial based on jury misconduct, the trial court did not err in the denial of the motion.

Furthermore, the "issue" (fully set out in the Court's opinion) is nothing more than an abstract question to which the Court should not be drawn into discussing. It is a meaningless hypothetical and the record in this case shows that there was no restraint upon the attorney or his representative from talking to any juror post-trial. Finally, this is not the proceeding in which to elaborate upon how I may feel about having a rule about what jurors cannot do, but no effective tool to enforce that rule. It does, however, remind me of the proverb: A law without penalty is simply suggestion (Author unknown).

Because the Court ultimately reached the same result that I would and affirms the trial court's judgment, I respectfully concur in the judgment to that extent but do not join the Court's opinion.)

