No. 04-99-00918-CR



Rogelio CORTEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-5766B


Honorable Mark Luitjen, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 28, 2001


AFFIRMED


 Rogelio Cortez appeals his conviction of possession with intent to deliver over 400 grams of
cocaine. We affirm.

Applicable Law


 To sustain an ineffective assistance of counsel claim, a defendant must show: (1) trial
counsel's performance was deficient, and (2) the deficient performance prejudiced his defense to such
an extent confidence in the outcome is undermined. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). To show counsel was ineffective in failing to make an objection, the record must
establish the trial court would have erred in overruling the objection. See Vaughn v. State, 931
S.W.2d 564, 566 (Tex. Crim. App. 1996). "Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim." Strickland v. Washington, 466
U.S. 668, 700 (1984).

Standard of Review


 In reviewing the trial court's denial of a motion for new trial based on ineffective assistance
of counsel, we do not apply the Strickland test in a de novo fashion. State v. Gill, 967 S.W.2d 540,
542 (Tex. App.-Austin 1998, pet. ref'd). Instead, we review the trial court's application of the
Strickland test for an abuse of discretion. Id. In doing so, we presume the trial court's ruling is
correct, and the appellant has the burden of establishing the contrary. Lee v. State, 167 Tex. Crim.
608, 322 S.W.2d 260, 262 (1958). We will not substitute our judgment for the trial court's unless
its decision was clearly wrong and outside the zone of reasonable disagreement. See State v.
Gonzalez, 855 S.W.2d 692, 695 n. 4 (Tex. Crim. App. 1993) (quoting Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993)).

Factual and Procedural Background 


 On May 5, 1998, San Antonio police raided a transmission shop and recovered a kilo of
cocaine. Rogelio Cortez was subsequently charged with possession with intent to deliver over 400
grams of cocaine. The principal witnesses against Cortez were Detective Thomas Brittain and
confidential informant Ray Adam Hughes. According to Brittain and Hughes, Hughes arranged with
Raymundo Contreras to buy a kilo of cocaine. While arranging the buy, Hughes learned Cortez would
be providing the cocaine and wanted to meet at his trailer. Brittain was uncomfortable with the trailer
location and the buy was set to take place at the transmission shop where Contreras worked and
where Cortez had previously been an employee. At the subsequent meeting, according to Brittain and
Hughes, Contreras sat behind a desk; across from him were Hughes and Cortez. To Brittain, Cortez
appeared nervous. To Hughes, Cortez appeared high. When Contreras pointed to a chicken box,
Cortez pushed it toward Hughes. The box contained the kilo of cocaine. 

 Contreras did not testify. Accordingly, Cortez' trial counsel repeatedly objected to testimony
by Brittain and Hughes regarding statements made by Contreras to Hughes. Initially, several of these
objections were sustained. However, during Hughes' testimony, the trial court found the statements
were admissible as statements by Cortez' co-conspirator. The jury found Cortez guilty and he was
sentenced to twenty years in prison.

Discussion


 Cortez argues his trial counsel was ineffective in failing to properly object to Brittain's and
Hughes' testimony regarding what they were told by Raymundo Contreras. We disagree.

 As noted above, trial counsel repeatedly objected to hearsay during Brittain's testimony.
Indeed, the excerpt quoted in Cortez's brief reflects three of these objections were overruled, one was
sustained, and two resulted in instructions to the witness. Similar objections and rulings were made
during Hughes' testimony. Moreover, there is an abundance of evidence to support the trial court's
finding that the statements were admissible as non-hearsay statements by Contreras during and in
furtherance of a conspiracy with Cortez. See Tex. R. Evid. 801(e)(2)(E).

 Cortez also argues his trial counsel was ineffective in failing to subpoena records that would
have corroborated Cortez' wife's statement that he had bought freon the morning of the raid. We
disagree. Cortez has not demonstrated either that the records exist or how they would have affected
the outcome of the trial. 

 Under these circumstances, we hold Cortez has not established his trial counsel's performance
was so deficient that confidence in the outcome is undermined. We therefore overrule Cortez's point
of error and affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Do not publish