# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00572-CR

**The State of Texas, Appellant**

**v.**

**Magdaleno Medina, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-01-0118-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals from an order of the district court granting appellee Magdaleno Medina's motion for new trial. We will affirm the order.

A jury found Medina guilty of possessing more than one gram of cocaine with intent to deliver and assessed punishment, enhanced by a previous felony conviction, at imprisonment for seventy-six years. *See* Tex. Health & Safety Code Ann. § 481.112(a), (c) (West Supp. 2003); Tex. Pen. Code Ann. § 12.42(b) (West 2003). On appeal, Medina contended he received ineffective assistance of counsel at trial. He had raised this issue in a timely motion for new trial, but the district court mistakenly failed to conduct a hearing on the motion. This Court abated Medina's appeal and remanded the cause for a hearing on the new trial motion. *Medina v. State*, No. 03-01-00533-CR (Tex. App.—Austin May 9, 2002, no pet.). Following the hearing, the district court granted the motion for new trial and Medina's appeal was accordingly dismissed by this Court. *Id.* (Tex.

App.—Austin Aug. 8, 2002, no pet.).  Meanwhile, the State perfected its appeal from the district court's order.  *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (West Supp. 2003).

In our May 9, 2002, opinion and order abating Medina's appeal, we instructed the district court to determine whether Medina's motion for new trial was sufficient to raise the ineffective assistance issue and, if so, to conduct a hearing to determine whether Medina received effective assistance of counsel at trial.  On May 28, 2002, following the abatement, Medina filed an amended motion for new trial alleging jury misconduct in addition to the ineffectiveness of counsel alleged in his original motion.  At the hearing below, the State objected that the subject of jury misconduct was outside the scope of the hearing ordered by this Court.  The State further objected that the amended motion for new trial had not been timely filed and therefore was not properly before the court.  The trial court deferred its ruling on the State's objections and heard testimony relevant both to the effectiveness of counsel and jury misconduct.  The court never ruled on the State's objections and did not specify the ground on which it granted a new trial.

The State's brief raises this sole issue: "The trial court abused its discretion by granting a new trial after conducting an evidentiary hearing which addressed issues other than ineffective assistance of counsel."  Medina urges that because the State's appeal does not address the merits of the ineffective assistance claim, this Court must affirm the district court's order irrespective of the propriety of its hearing evidence regarding jury misconduct.  *See State v. Gill*, 967 S.W.2d 540, 541 (Tex. App.—Austin 1998, pet. ref'd) (order granting new trial will be upheld if correct on any legal theory applicable to case).  In its supplemental brief in reply, the State argues that it adequately briefed the ineffective assistance of counsel issue in its brief filed in Medina's

2

original appeal, adding only that Medina failed to prove at the new trial hearing that the result of the trial would have been different but for counsel's errors and therefore the district court abused its discretion if it granted the new trial on the basis of ineffective assistance.[1]

The granting of a motion for new trial rests within the sound discretion of the trial court. *Id*. The ruling is presumed to be correct and the burden rests upon the appellant, here the State, to establish the contrary. *Id*. A trial court's ruling will be deemed an abuse of discretion only if it is shown that the court acted without reference to any guiding rules and principles, or that its decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *State v. Read*, 965 S.W.2d 74, 77-78 (Tex. App.—Austin 1998, no pet.). Assuming without deciding that the State has adequately raised the issue in this appeal, we conclude that the district court did not abuse its discretion by granting the motion for new trial due to ineffectiveness of trial counsel.

In his motion for new trial, Medina alleged several errors by counsel, one of which was that counsel mistakenly believed that he was entitled to only six peremptory challenges. *See* Tex. Code Crim. Proc. Ann. art. 35.15(b) (West Supp. 2003) (defendant entitled to ten peremptory challenges in noncapital felony case). At the hearing below, Medina's trial counsel acknowledged this error and identified two trial jurors he would have struck; both had previously served on a criminal jury and one "was concerned about someone delivering drugs to her daughter." There is also evidence that a third juror indicated during voir dire that she had been the recent victim of a burglary. Counsel was uncertain whether he would have used one of the four unused peremptory

---

[1] Both parties attached copies of their briefs from cause number 03-01-00533-CR as appendices to their briefs in this cause.

strikes on this juror, since this was not a burglary case and he did not recall this juror as being otherwise unfavorable from a defense standpoint.

It is, in some respects, impossible to know how the substitution of two or more jurors would have affected the outcome of Medina's trial. The State points out that the trial record, which was transferred to this appeal on the State's motion, shows that at the time of Medina's arrest on an outstanding felony warrant, he was in possession of six plastic bags containing cocaine and fifty-five empty bags. At the punishment stage, which Medina refused to attend, Medina was shown to have a previous conviction for aggravated assault. The State urges that in light of the evidence, any twelve jurors would have convicted Medina and imposed the same sentence. *See Trybule v. State*, 737 S.W.2d 617, 621 (Tex. App.—Austin 1987, pet. ref'd) (given severity of crime, court unable to say that more professional representation would have resulted in lesser punishment). *Trybule* was an appeal by the defendant. The State does not refer us to an opinion applying such reasoning to reverse an order granting a motion for new trial.

Whether Medina's trial counsel was ineffective presents a close question. If we were reviewing the record de novo, we might find that the *Strickland* test for ineffectiveness was not met. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the district court had overruled the motion for new trial, we might find no abuse of discretion. But we do not review the record de novo and the district court did grant the motion for new trial. Giving the district court the deference it is due, we are not persuaded by the State that the court acted without reference to any guiding rules or principles in granting Medina's motion for new trial. It was not outside the zone of reasonable disagreement for the court to conclude that trial counsel's failure to know the number of peremptory

4

strikes to which he was entitled, and the resulting failure of counsel to strike jurors he otherwise would have chosen not to have on the jury, fell below the standard of professional norms. *See id.* The court could reasonably conclude that but for this deficiency, there is a reasonable probability that the outcome of the trial, at least as to punishment, would have been different. *See id.*

Because we conclude the district court was within the scope of its discretion to grant the motion for new trial on the basis of ineffective assistance of counsel, we do not decide if the court exceeded its discretion by permitting the introduction of evidence regarding the jury misconduct issue raised for the first time in Medina's amended motion for new trial.

The order granting the motion for new trial is affirmed.

 

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   August 14, 2003

Do Not Publish

5