

# NUMBER 13-12-00658-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE RUBEN SEGURA,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

**On appeal from the 355th District Court
of Hood County, Texas.**

---

# MEMORANDUM OPINION[1]

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Jose Ruben Segura appeals his conviction of aggravated sexual assault

of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011).

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Appellant pleaded guilty to the offense,[2] and a jury assessed punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice. By one issue, appellant argues he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND[3]

L.G.[4] accused appellant, her aunt's husband, of sexually abusing her when she was ten or eleven years old—about five or six years before her outcry. Investigator Robert Young of the Hood County District Attorney's Office interviewed appellant, and appellant admitted he sexually abused L.G. multiple times. Appellant volunteered that he also sexually abused L.Z., another niece by marriage, multiple times. According to L.Z., she had been about five years old at the time.

During appellant's punishment trial, L.G. and L.Z. testified that appellant sexually abused them. L.Z.'s sister, Y.Z., also claimed that appellant touched her on her "private" on several occasions when she was five or six years old. The jury assessed punishment at ninety-nine years' imprisonment. Appellant moved for a new trial on ineffective assistance grounds, which the trial court denied.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By one issue, appellant contends he received ineffective assistance of counsel. Appellant alleges four failures of trial counsel: (1) failure to request a continuance so trial

---

[2] The State indicted appellant on seven counts: three counts of aggravated sexual assault, three counts of indecency with a child by contact, and one count of continuous sexual abuse of a young child. Appellant pleaded guilty to one count of aggravated sexual assault, and the State moved to dismiss all other counts.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[4] We use the child's initials to protect her identity.

counsel could fully review the interpreter's transcript of appellant's interview with Investigator Young, which was given to defense counsel on the day of trial; (2) failure to request a continuance so appellant could make an informed plea decision after receiving the transcript evidence on the day of trial; (3) failure to request a continuance when appellant's mitigation witnesses did not appear to testify at appellant's punishment hearing; and (4) failure to subpoena mitigation witnesses.

## A.     Standard of Review

To succeed on an ineffective assistance claim, appellant must satisfy the two prongs of *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense.   *Id.* at 687; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).   To satisfy the first prong, appellant must prove by a preponderance of the evidence that the trial counsel's performance fell below "an objective standard of reasonableness under the prevailing professional norms."   *Lopez*, 343 S.W.3d at 142.   To satisfy the second prong, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that but for counsel's deficient performance, the result of the proceeding would have been different.   *Id.*

Our review of counsel's performance is highly deferential, and we make a strong presumption that counsel's performance constituted sound trial strategy.   *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142.   The record must contain evidence of counsel's reasoning, or lack thereof, to rebut that presumption.   *Lopez*, 343 S.W.3d at 143.   We

review the totality of representation rather than isolated instances in determining whether trial counsel was ineffective. *See id.*; *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

When, as here, ineffective assistance was first urged in a motion for new trial, we review the two *Strickland* prongs through the prism of the abuse of discretion standard. *See Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. denied); *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd). A trial court abuses its discretion when no reasonable review of the record could support the trial court's ruling. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012).

## B.    Discussion

### 1.    Transcript of Video Interview

By his first two sub-issues, appellant contends trial counsel should have requested a continuance when, on the day of trial,[5] the State delivered a transcript of appellant's interview with Investigator Young. Although appellant spoke Spanish during parts of the interview, Investigator Young had an unofficial interpreter translate the Spanish into English. The transcript included appellant's Spanish statements, but also included an English translation of those Spanish statements.

The trial record shows that trial counsel had previously received a DVD recording of the interview. Trial counsel testified at the new-trial hearing that she went over the recording with appellant before he pleaded guilty. When the State provided the transcript of the recording to trial counsel on the day of trial, she had a court-appointed

---

[5]    At the new-trial hearing, appellant's trial counsel testified that she could not remember whether she received the transcript on the day of the punishment trial or on the day before the trial. In an affidavit, however, trial counsel acknowledged that she received it on the day of trial.

4

interpreter compare the transcript to the DVD recording. The interpreter told trial counsel that some of the Spanish-to-English translations in the transcript were inaccurate. Trial counsel informed the prosecutor that she would object if the State attempted to admit the transcript. The State did not seek to admit it.

Appellant argues that because trial counsel knew of the translation problems in the transcript, trial counsel should have moved for a continuance because there was insufficient time to fully review the forty-nine-page transcript before trial. We do not see any deficient performance in this regard. Trial counsel did not need additional time for review because counsel achieved her goal of preventing the State's use of the transcript against appellant. Appellant seems to suggest that the transcript highlighted substantive material in the interview that the defense could have used to rebut the State's evidence.[6] Appellant does not, however, identify anything objectionable in the transcript. Moreover, any substantive defect in the interview would have been observable on the DVD copy of the interview, which trial counsel possessed before trial. Finally, a continuance would have allowed the State to correct the transcript issue and possibly use it against appellant.

---

[6] At the hearing on appellant's motion for new trial, appellant argued that he was improperly *Mirandized* due to the language barrier. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966) (establishing "Miranda" rights). Appellant does not explicitly repeat this argument on appeal, although he may be alluding to it when he complains, "[T]here were no objections regarding the confession, no Motion to Suppress, and only an uninformed guilty plea." To the extent appellant subtly re-urges this argument on appeal, we overrule it as inadequately briefed. *See* TEX. R. APP. P. 38.1(i). Regardless, as the State noted at the new-trial hearing, appellant's interview with Investigator Young at the district attorney's office was not a custodial interrogation given that appellant was not under arrest and came and left voluntarily. *Miranda* warnings were not required. *See generally* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2 (West 2005); *Miranda*, 384 U.S. at 444. In addition, although the transcript's English translation of the Spanish version of the *Miranda* warnings contained inaccuracies, appellant presents no evidence that the warnings were incorrectly communicated to him at the time of the interview.

5

Further, and to the extent appellant contends his plea was not an informed plea, the evidence does not support his contention. Trial counsel testified she reviewed the DVD copy of the interview with appellant before he pleaded guilty. The trial court effectively admonished appellant before receiving his guilty plea. Trial counsel testified that the decision to plead guilty was discussed with appellant "at length" and that the ultimate decision to plead guilty was appellant's decision.

### 2. Punishment Mitigation Witnesses

By his other two sub-issues, appellant argues that trial counsel was ineffective for not subpoenaing mitigation witnesses or moving to continue the trial when only one mitigation witness appeared to testify. Appellant, however, has not identified the names of the witnesses or otherwise indicated what their testimony would have been. *See, e.g., Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2011) (applying *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)) (holding that to prevail on a claim that counsel was ineffective for failing to call a witness, the appellant must show that a witness was available and appellant would benefit from the witness's testimony); *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (same).

At the hearing on his motion for new trial, appellant testified that he asked friends and family to testify at his punishment trial. According to appellant, they did not appear because "[t]hey were not given permission at work to come." Trial counsel asserted, however, that the defense witnesses, who were also friends and family of the victims, were reluctant to help. She feared they would not be wholeheartedly on appellant's side. Trial counsel affirmed that she made a strategic decision to not push the witnesses to

6

appear because they could have damaged the defense, especially on cross-examination. In addition, trial counsel believed a continuance would not be helpful because the problem was the witnesses' willingness to help appellant.

### 3. Conclusion

After considering appellant's four sub-issues, we conclude the record supports the trial court's ruling. *See McQuarrie*, 380 S.W.3d at 150. Appellant failed to rebut the strong presumption that trial counsel's decisions constituted sound trial strategy. *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142. In fact, in evaluating the totality of representation, *see Lopez*, 343 S.W.3d at 143, we cannot overlook the fact that trial counsel conducted effective voir dire, made proper objections, and delivered an effective opening and closing. Moreover, trial counsel convinced the State to dismiss six counts of the indictment. One of those counts—continuous sexual abuse of a young child—had a minimum sentence of twenty-five years, *see* TEX. PENAL CODE ANN. § 21.02(h) (West 2011), which is twenty years more than the minimum for the offense to which appellant pleaded guilty. *See id.* § 22.021.

Appellant also failed to show how the trial's outcome would have been different under any of his sub-issues. *See Strickland*, 466 U.S. at 687; *Lopez*, 343 S.W.3d at 142. Appellant did not identify anything objectionable in the transcript of his interview, and he did not identify any mitigation witnesses or otherwise disclose what their testimony may have been. We conclude the trial court did not abuse its discretion in concluding appellant failed to show he received ineffective assistance of counsel. *See Cueva*, 339 S.W.3d at 857; *Gill*, 967 S.W.2d at 542. We overrule appellant's sole issue.

7

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES

Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2013.