# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00227-CR

**Jay Jon Bohac, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
## NO. 2C12-05555, HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court found appellant Jay Jon Bohac guilty of misdemeanor assault with injury to a family member—his then-wife, Kristal Bohac,[1] *see* Tex. Penal Code § 22.01(a)(1), and sentenced Bohac to 200 days in the county jail and a $1,000 fine. The court also suspended this sentence and placed Bohac on community supervision for 18 months. Bohac filed a motion for new trial, which the trial court denied. In his sole appellate issue, Bohac contends that the trial court abused its discretion in failing to grant the motion for new trial because he received ineffective assistance of counsel. We will affirm the trial court's judgment of conviction.

---

[1] Because she and the appellant share the same last name, we will refer to Kristal Bohac by her first name for the sake of clarity.

## BACKGROUND

At the bench trial, Kristal testified to the following facts. She and Bohac got into an argument at their home on June 15, 2012. Bohac took her car keys to prevent her from driving away. Kristal took Bohac's set of keys, which included a key to her car, and put them in her purse. Bohac then pulled her purse away, injuring her arm. Kristal walked out of the home and down the street, and Bohac pulled up beside her in his truck. Kristal got into the truck, and they continued the argument. Bohac struck Kristal on the back of her head, her neck, and the side of her face. Trying to get away or signal for help, Kristal opened the truck door, but Bohac pulled the seatbelt across her and held onto it. Kristal eventually got out of the truck and walked to the police station.

Bohac also testified at trial. According to Bohac, the argument at their home was purely verbal, and Bohac never struck Kristal or pulled her purse away. Kristal left the home, and Bohac pursued her in his truck. Kristal got into the truck, and Bohac continued driving. While he was driving at about 45 miles per hour, Kristal opened the truck door and started leaning out. Bohac grabbed her arm and seatbelt to prevent her from falling out.

Officer Neal Holtzclaw of the Killeen Police Department testified at trial that he spoke with Bohac and Kristal after they returned home. Officer Holtzclaw took photographs of Kristal at the scene, and these photographs were admitted into evidence. He testified that he could see "a small red area" on Kristal's face in the photographs and that this was "consistent with trauma." Officer Holtzclaw further testified that other photographs showed bruising on Kristal's arm.

Bohac was found guilty and sentenced. He then filed a motion for new trial, which the trial court denied. This appeal followed.

2

## STANDARD OF REVIEW

We review a trial court's denial of a motion for a new trial for abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). Accordingly, when analyzing the trial court's failure to grant a new trial on the basis of ineffective assistance of counsel, we view the relevant legal standards through the prism of abuse of discretion. *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd). We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

## DISCUSSION

In his sole issue, Bohac contends that the trial court erred in failing to grant his motion for new trial on the basis of ineffective assistance of counsel because his trial counsel failed to obtain a transcript of Officer Holtzclaw's testimony given at a prior civil proceeding related to the Bohacs' divorce. According to Bohac, Officer Holtzclaw's testimony at his criminal trial was inconsistent with the officer's testimony at the divorce proceeding, and "[b]y not obtaining the testimony of Holtzclaw given under oath in the civil trial, trial counsel was unable to confront the officer with the sworn inconsistency." Specifically, Bohac points out that Officer Holtzclaw "did not note in his report any facial bruising nor did he testify to that under oath in the civil proceeding" and that "[t]he officer's conclusion of facial injury was based entirely upon looking at photographs"

3

at Bohac's criminal trial. Bohac also notes that the following exchange occurred at the civil proceeding:

> [Question:] But you don't really know whether or not the visible injuries occurred from him grabbing the purse or him trying to prevent her from getting out of a moving car?
>
> [Officer Holtzclaw:] Correct. It could have been either way.

Based on this prior testimony, Bohac argues that "[t]he bruising on Ms. Bohac's arm could very well have come from Appellant preventing her from exiting a moving car, the lesser of two evils."

To prevail on an ineffective-assistance-of-counsel claim, a defendant must prove by a preponderance of the evidence that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *See Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Ramirez*, 280 S.W.3d 848, 852 (Tex. Crim. App. 2007) (per curiam).

Assuming, without deciding, that Bohac's counsel's performance was deficient in that he did not obtain the transcript,[2] we must consider whether this alleged deficient performance prejudiced Bohac. Although Bohac characterizes Officer Holtzclaw's testimony at the divorce proceeding as inconsistent with his testimony at the criminal trial, we disagree. At the divorce

---

[2] We note that, at the hearing on Bohac's motion for new trial, his trial counsel explained his decision not to obtain a copy of the transcript of Officer Holtzclaw's earlier testimony as follows:

> I did not have it because [Bohac's prior counsel] represented him in the divorce, and she actually referred him to me for the criminal case. And she advised me that the officer's testimony, she felt, was very damaging against Mr. Bohac. And she also advised me that in the Protective Order hearing, that the testimony of Kristal Bohac was not that damaging toward Mr. Bohac. So I did not—I did not request his testimony; that's correct.

4

proceeding, Officer Holtzclaw testified that the injury to Kristal's arm could have been caused either by Bohac grabbing her purse or by his grabbing her seatbelt. On redirect immediately after he gave this answer, Officer Holtzclaw was asked, "Did you believe that the injuries were from him grabbing the purse?" He answered, "At the time I believed that." This response is consistent with his testimony at Bohac's criminal trial that Kristal had bruising on her arm and that "an assault had occurred." Officer Holtzclaw acknowledged at the criminal trial that he did not remember seeing Kristal carrying a purse at the scene and that no purse had been admitted into evidence. Officer Holtzclaw also acknowledged at Bohac's criminal trial that his report indicated that he "did not observe any visible marks on Kristal's face or head" at the scene and that he was "looking for visible marks" but "did not see any." This testimony does not contradict Officer Holtzclaw's testimony in the civil proceeding, and the transcript of his earlier testimony was not needed to establish this point. Finally, the photographs on which Officer Holtzclaw relied during his testimony at the criminal trial were admitted into evidence, and the trial court, as fact-finder, could judge for itself whether they showed injuries to Kristal's face or head. For these reasons, we conclude that Bohac's trial counsel's failure to obtain a copy of the transcript from the civil proceeding, even if deficient performance, did not prejudice Bohac.

Because Bohac has not established that his trial counsel's alleged deficient performance prejudiced him, we cannot conclude that the trial court abused its discretion in failing to grant Bohac's motion for new trial on the ground of ineffective assistance of counsel. Accordingly, we overrule Bohac's sole appellate issue.

5

**CONCLUSION**

We affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   January 5, 2017

Do Not Publish

6