**Affirmed; Opinion Filed January 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00068-CR

### ARMINIUS DEJUAN JONES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-34452-M**

# MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Myers

Arminius Dejuan Jones appeals from a judgment adjudicating guilt after he was placed on deferred adjudication community supervision for the offense of aggravated assault with a deadly weapon. In two issues, he contends the trial court abused its discretion because the State failed to prove he committed two new criminal offenses and the pleas of "true" were entered involuntarily because of the ineffective assistance of counsel. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant pleaded guilty to aggravated assault with a deadly weapon, pursuant to a negotiated plea bargain agreement. The trial court accepted the plea, deferred adjudication, and placed appellant on community supervision for a period of five years. The State subsequently filed a motion to proceed with an adjudication of guilt, alleging appellant violated various conditions of his community supervision. Appellant pleaded "not true" to the violation of

condition (a), which alleged he committed two new criminal offenses, i.e., possession of marijuana and unlawful carrying of a weapon. He pleaded "true" to the other alleged violations: (b) testing positive for THC, which is the active ingredient in marijuana; (h) failing to pay court costs and fines; (i) failing to pay community supervision fees; (k) failing to pay Crime Stoppers as ordered by the court; (l) failing to complete his community service hours; (n) failing to pay the urinalysis fee; (p) failing to participate in an anger management program; (r) failing to participate in the GED program and provide proof of attendance; and (w) failing to participate in a Safe Neighborhood Training session. After an evidentiary hearing, the trial court accepted the pleas of "true," granted the State's motion, and sentenced appellant to fifteen years' imprisonment. Appellant filed a motion for new trial alleging his pleas of true were not knowing or voluntary because of the ineffective assistance of counsel. Following an evidentiary hearing, the trial court denied that motion.

**DISCUSSION**

**1. Adjudication of Guilt**

In his first issue, appellant argues the trial court abused its discretion by proceeding to adjudication because the State failed to prove he violated condition "a" by committing two new criminal offenses. Appellant, however, pleaded true to the other alleged violations of his community supervision. A plea of true, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Walker v. State*, No. 05–16–00267–CR, 2016 WL 5851885, at *2 (Tex. App.—Dallas Sept. 30, 2016, no pet.) (mem. op., not designated for publication). And a single violation of the terms of community supervision is sufficient to support the trial court's decision to proceed to adjudication. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *McCollum v. State*, No. 05–15–01056–CR, 2016 WL 8115929, at *2 (Tex. App.—Dallas Oct. 27, 2016, no

pet.) (mem. op., not designated for publication). Any one of the allegations to which appellant pleaded true would, on its own, support the trial court's adjudication of guilt. Accordingly, we overrule appellant's first issue.

## 2. Ineffective Assistance of Counsel

In his second issue, appellant contends the trial court abused its discretion by proceeding to adjudication because appellant's pleas of "true" were entered involuntarily due to the ineffective assistance of counsel.

We review a claim of ineffective assistance of counsel under well-established standards. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellant must show by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland*, 466 U.S. at 687–88; *Bone*, 77 S.W.3d at 833; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. The fact another attorney might have pursued a different course of action does not necessarily indicate ineffective assistance. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983); *Hinshaw v. State*, No. 05–08–01235–CR, 2010 WL 1818057, at *2 (Tex. App.—Dallas May 7, 2010, pet. ref'd) (not designated for publication).

Because the trial court ruled on appellant's ineffective assistance claim by denying his motion for new trial after a hearing, we review this claim under an abuse of discretion standard. *See Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.–Corpus Christi 2011, pet. ref'd); *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd); *Hinshaw*, 2010 WL 1818057, at *2. We reverse only if the trial court's ruling was clearly erroneous and arbitrary. *Okonkwo v.*

*State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Id.* This requires us to view the evidence in the light most favorable to the trial court's ruling. *Id.* In the absence of express findings, as here, we presume the trial court made all findings, express and implied, in favor of the prevailing party. *Id.*

At the hearing on the motion for new trial, appellant presented testimony from his grandmother, mother, and himself. Lynn Cruthers, appellant's grandmother, testified that when she spoke to appellant's trial counsel prior to the adjudication hearing, she was told appellant would be facing only about six months in jail, and that defense counsel never explained that it was possible the trial court could send appellant to the penitentiary for a lengthy period of time. Appellant's mother, Alice Rogers, similarly testified that counsel said the outcome of the case would be a sentence of three to six months or rehabilitation, and that counsel never said there was a possibility appellant could be sent to the penitentiary.

Appellant testified that he only pleaded true to the violations of the conditions of his community supervision because he believed that, based on trial counsel's assurances, he would receive no more than six months in jail or rehabilitation. He said counsel never explained that, under the law, the trial court could ignore sentencing recommendations and sentence appellant anywhere within the range of punishment. But appellant admitted on cross-examination that he was admonished on the full range of punishment for a second degree felony when he entered his guilty plea. He also admitted that the violations to which he pleaded true were, in fact, true, he could not fight them, and that by pleading true he was "[j]ust being honest." He admitted that, in conversations he had with his trial counsel, she reminded him he was on probation for a second degree felony with a punishment range of up to twenty years in prison. He also admitted his pleas of true to the "technical" violations were freely and voluntarily made.

Christi Bustos, appellant's trial counsel, testified that when appellant was arrested in August of 2016, she was assigned to the two "new" pending cases and, later, to the motion to proceed to adjudication as well. When she met with appellant, she reviewed the case with him, including the offense for which he was on deferred adjudication, the potential punishment range, and the effect the deadly weapon finding could have on his sentence. Bustos said she thought that she and appellant discussed these issues on more than one occasion. She categorically denied appellant's contention that she never told him he could be sentenced to prison time and that she promised he would receive no more than three to six months in jail or drug treatment. She testified that she and appellant discussed what pleading true to some violations of his community supervision and pleading not true to others would mean, and that by pleading not true, the State could bring in witnesses to testify regarding whether the allegations were true. She recalled that their main concern was the new cases, and that she and appellant decided it was more important to challenge the allegations relating to those new charges rather than pleading not true to all of the allegations and putting the State to its burden on each of them. She believed appellant understood all of the potential consequences of his plea at the time he pleaded true to the violations of the terms of his community supervision.

The trial court ruled that appellant, according to his own admission, had been properly admonished by counsel and the court as to the consequences of his plea, and, thus, the plea was voluntary. This ruling is supported by the record. Moreover, appellant admitted that he violated the conditions of his community supervision to which he pleaded true, and that they could have been proven by State's witnesses had he entered pleas of not true to them. Appellant has failed to show that entering pleas of not true would have had any effect on the outcome of the adjudication. Therefore, we conclude the trial court did not abuse its discretion by denying appellant's motion for new trial, and we overrule appellant's second issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. 47
170068F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ARMINIUS DEJUAN JONES, Appellant

No. 05-17-00068-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-34452-M.
Opinion delivered by Justice Myers. Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of January, 2018.